# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-3018-CR-JAR |
| TIMUR SHORT, | ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the issue of the defendant's competency to stand trial. On June 26, 2013, at the request of the defendant, the Court ordered a psychological examination. Elizabeth A. Tyner, Ph.D. conducted the examination on August 21, 2013. Her report was submitted to the Court on August 28, 2013. The undersigned held a hearing on September 17, 2013, on the questions whether 1) defendant is competent to stand trial pursuant to 18 U.S.C. § 4241, and (2) at the time of the alleged offense, the defendant was able to appreciate the nature and quality of the wrongfulness of his acts, pursuant to 18 U.S.C. §4242. Defendant appeared in person with counsel. No evidence was presented, other than Dr. Tyner's report, which already appeared in the record.

After some unsuccessful attempts to evaluate and interview the defendant, Dr. Tyner opined that the defendant's ability to rationally understand his legal situation is compromised, and his "guardedness" and refusal to cooperate "precludes his ability to effectively assist his attorney" in his own defense. In conclusion, Dr. Tyner stated, "it is my opinion that currently [the defendant] is incompetent to proceed with his legal case" (Doc. 25, p. 8). Dr. Tyner further

recommended that the defendant be committed to undergo competency restoration treatment pursuant to 18 U.S.C. § 4241(d).

**IT IS THEREFORE RECOMMENDED** that the defendant be found by a preponderance of the evidence to be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**IT IS FURTHER RECOMMENDED** that the defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1) for a reasonable period of time, not to exceed four months.

**DATED:  October 2, 2013**

                                       /s/ *David P. Rush*
                                       **DAVID P. RUSH**
                                       **United States Magistrate Judge**