# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-3018-CR-MDH |
| TIMUR SHORT, | ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the issue of the defendant's competency to stand trial. For the reasons set forth below, it is **RECOMMENDED** that Defendant Timur Short be found competent to stand trial.

### BACKGROUND

On June 26, 2013, at the request of the defendant, the Court ordered a psychological examination. Elizabeth A. Tyner, Ph.D. conducted the examination on August 21, 2013. Her report was submitted to the Court on August 28, 2013. The undersigned held a hearing on September 17, 2013, on the questions whether 1) defendant is competent to stand trial pursuant to 18 U.S.C. § 4241, and (2) at the time of the alleged offense, the defendant was able to appreciate the nature and quality of the wrongfulness of his acts, pursuant to 18 U.S.C. §4242. Defendant appeared in person with counsel. Dr. Tyner opined that the defendant was not competent to assist in his own defense, and recommended that he be committed to undergo competency restoration treatment pursuant to 18 U.S.C. § 4241(d). On October 3, 2013, the undersigned recommended that the defendant be committed to the custody of the Attorney

General for competency restoration pursuant to 18 U.S.C. § 4241(d)(1) (Doc. 30). The District Court adopted the report and recommendation on December 13, 2013, and ordered the defendant's commitment for a period not to exceed four months (Doc. 32).

Defendant Short was treated at the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri, from January 7 through May 7, 2014. Dr. Tyner prepared a psychological report on May 21, 2014, in which she recommended that the defendant no longer meets criteria for a mental disorder, and there is "no evidence of a mental disease or defect that would preclude his ability to adequately understand the nature and potential consequences of the charges against him or to assist properly in his defense." Dr. Tyner thus recommended that the defendant is competent to stand trial in that he fully understands the nature and potential consequences of the proceedings against him and is capable of assisting in his defense (Doc. 36, pp. 10-11).

At the request of defense counsel, Kent W. Franks, Ph.D., an independent psychologist, conducted an evaluation of the defendant. Dr. Franks concurred with Dr. Tyner that the defendant is now competent to stand trial (Doc. 43-1).

The undersigned held a hearing on the post-treatment psychological recommendations on August 19, 2014. No new evidence was presented at the hearing except for Dr. Tyner's May 21, 2014, psychological report and Dr. Franks' July 29, 2014, letter, both of which already appeared in the record. The undersigned noted that the original motion for psychological examination had requested evaluation of the defendant regarding both his competency to stand trial (under 18 U.S.C. § 2241), and his ability to appreciate the nature and wrongfulness of his acts (under 18 U.S.C. § 2242), but Dr. Tyner's report addressed only the defendant's competency to stand trial. Defense counsel acknowledged the limited scope of Dr. Tyner's report and, with leave of court,

withdrew the portion of the motion requesting an examination for sanity at the time of the offense (Doc. 46).

## CONCLUSION

Accordingly, based upon the opinions of Drs. Tyner and Franks, which was the only evidence before the Court on the question of competency, the undersigned respectfully **RECOMMENDS** that Defendant Timur Short be declared competent to stand trial.

**DATED: September 3, 2014**

          /s/ *David P. Rush*
          **DAVID P. RUSH**
          **United States Magistrate Judge**